**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ADRIAN K. AMARA,** | : | **CIVIL ACTION NO. 1:25-CV-140** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL GOURLEY,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2254. Petitioner, Adrian K. Amara, challenges a 2017 conviction and sentence for various drug-related offenses in the York County Court of Common Pleas. The petition will be dismissed with prejudice as untimely.

## I. Factual Background & Procedural History

The state courts of Pennsylvania have succinctly summarized the relevant procedural history. In 2017, Amara was convicted of possession of a controlled substance with intent to deliver, conspiracy to commit possession of a control substance with intent to deliver, and possession of drug paraphernalia and was sentenced to an aggregate prison sentence of 11-22 years. Commonwealth v. Amara, No. 1730 MDA 2017, 2019 WL 1556215, at *3 (Pa. Super. Ct. Apr. 10, 2019). Amara appealed, but the Pennsylvania Superior Court affirmed the conviction and sentence on April 10, 2019. Id. at *11. Amara did not appeal to the Pennsylvania Supreme Court.

On June 4, 2019, Amara filed a petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"). See Commonwealth v. Amara, No. CP-67-CR-0006270-2015 (York Cnty. Ct. of Com. Pl. June 4, 2019). After counsel was appointed to represent him in the PCRA proceeding and counsel moved to withdraw from the case, the court of common pleas dismissed the PCRA petition on September 18, 2019. (Id.) Amara did not appeal that ruling.

Amara filed a second PCRA petition pro se on January 21, 2022. Commonwealth v. Amara, 315 A.3d 88 (table), No. 943 MDA 2022, 2024 WL 660334, at *2 (Pa. Super. Ct. Feb. 16, 2024). Counsel was again appointed to represent him, but moved to withdraw from the appointment. Id. The court of common pleas granted the motion to withdraw and then dismissed the petition. Id. at *2-3. Amara appealed, and the superior court affirmed the dismissal of the PCRA petition on February 16, 2024. Id. at *7. Amara did not appeal to the Pennsylvania Supreme Court.

Amara filed the instant case on January 9, 2025, and the court received and docketed his petition on January 22, 2025. (Doc. 1). Amara asserted three claims for habeas corpus relief in his petition: (1) that the government violated his rights under Brady v. Maryland, 373 U.S.83 (1963), by withholding evidence that officers who had investigated him were fired for corrupt actions; (2) that the government violated his Brady rights by withholding evidence seized from his cellphone; and (3) that the government violated his Brady rights by withholding a purported confession from his codefendant, Alana Clark, that all of the incriminating evidence

seized during the underlying search belonged to her. (Doc. 1). Amara conceded that the third claim had not yet been raised in state court because the factual basis for it had only recently been discovered. (Id.)

On January 24, 2025, the court issued an order requiring Amara to show cause, on or before February 24, 2025, why the case should not be dismissed on the basis of his claims being untimely and his third claim being unexhausted. (Doc. 4). Amara responded to the order on February 27, 2025, arguing that any untimeliness or procedural default should be excused based on equitable tolling and his actual innocence. (Doc. 5). The court then issued an order on April 15, 2025, that stayed and administratively closed the case on the basis of Amara's failure to exhaust state remedies and allowed him the opportunity to attempt to exhaust state court remedies by filing a third PCRA petition. (Doc. 7). Amara filed a status report on May 19, 2025, indicating that he had filed a PCRA petition. (Doc. 8).

On May 14, 2026, Amara filed a letter to the court indicating that his third PCRA petition had been dismissed as untimely in state court and that the Pennsylvania Superior Court had affirmed the dismissal of the PCRA petition. (Doc. 16). Accordingly, the court will reopen the case, lift the stay, and consider the timeliness and procedural default issues that the court previously raised *sua sponte* and petitioner briefed at the court's direction.

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain

from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. Courts may *sua sponte* dismiss petitions as untimely pursuant to Rule 4 if they give the petitioner notice and an opportunity to respond on the timeliness issue prior to doing so. United States v. Bendolph, 409 F.3d 155, 158 (3d Cir. 2005).

## III. Discussion

Section 2254 petitions are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. Id. § 2244(d)(2). The limitations period may also be equitably tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).

Under Section 2244(d)(1)(A), Amara had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254.[1] See 28 U.S.C. § 2244(d)(1)(A). Amara's conviction became final on May 10, 2019, the last date on which he could have filed a direct appeal of his conviction to the Pennsylvania Supreme Court. See Pa. R. App. P. 1113(a).

The limitations period was tolled beginning on June 4, 2019, the date on which Amara filed his first PCRA petition. See Amara, No. CP-67-CR-0006270-2015; 28 U.S.C. § 22244(d)(2). At that point, 25 days had elapsed towards the end of the limitations period. The limitations period remained statutorily tolled under Section 2244(d)(2) until October 18, 2019, the last date on which Amara could have appealed the dismissal of his first PCRA petition to the Pennsylvania Superior Court. See Pa. R. App. 903(a). Given the 25 days that had already elapsed prior to the statutory tolling period, Amara was required to file his federal habeas petition within 340 days of October 18, 2019, or no later than September 22, 2020. Because he did not file his petition until January 9, 2025, it is untimely by over four years.

In his petition, Amara argues that his petition is timely because "the Superior Court of Pennsylvania's affirmation of the lower court's denial of Mr. Amara's PCRA petition, which is the foundation of the grounds listed in this very petition, was filed 2/16/2024, and today's filing date of 1/9/2025 is less than one year

---

[1] Although Amara asserts that he only recently discovered the factual basis for his third claim, he has not provided a date when he discovered that evidence or any evidence to establish such a date. The court accordingly treats the finalization of his conviction as the triggering point for the limitations period.

from said denial." (Doc. 1 at 13). In other words, Amara appears to be arguing that the filing of his second PCRA petition re-started the limitations period from the date on which the Superior Court issued the final decision on the second PCRA petition.

This argument is incorrect. The filing of a PCRA petition simply pauses the limitations period for a federal habeas petition; it does not restart or reset it. Johnson v. Hendrick, 314 F.3d 159, 161-62 (3d Cir. 2002). Thus, the filing of Amara's second PCRA petition on January 21, 2022, could not toll the limitations period for his federal habeas petition because the limitations period had already expired on September 22, 2020.

Amara next argues that the limitations period should be equitably tolled because "the York County District Attorney's office has withheld information vital to Claims One through Three, in the reasoning behind the officers dismissal from the drug task force and co-defendant Alana Clark's confession, and quite simply had the DA complied with the petitioner's original requests for discovery then theoretically the petitioner could have complied with the tolling and exhaustion requirements." (Doc. 5 at 4).

This argument is insufficient for equitable tolling. Amara has not provided any proof of what "requests for discovery" he made in the original criminal case or how the district attorney's office failed to comply with those requests. Moreover, even if the court assumed the truth of Amara's unsupported assertions of the government being uncooperative, Amara has not shown that he was diligent in

pursuing his rights other than the conclusory assertion that he has "been pursuing his rights diligently." (Id.) He has accordingly not met his burden to show that equitable tolling of the limitations period is appropriate.

Amara additionally argues that he is actually innocent because there was "no direct evidence" of his guilt "other than his actual presence on 7/15/15, the day of execution of the search warrant," which Amara argues would likely be outweighed by the confession of his codefendant and evidence of purported corruption by drug task force officers who investigated him. (Id. at 5-6).

Credible claims of actual innocence may serve as an exception to AEDPA's one-year statute of limitations, see McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), but a petitioner invoking the actual innocence exception must "(1) present new, reliable evidence of his innocence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him (i.e., a reasonable juror would have reasonable doubt about his guilt) in light of the new evidence," Wallace v. Mahanoy, 2 F.4th 133, 151 (3d Cir. 2021) (citing Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018)).

Amara fails to meet this burden. For one, although he asserts in conclusory fashion that his codefendant has confessed to the crimes for which he was convicted and that officers who investigated him were corrupt, he has not produced any documentary evidence to support these assertions such as a declaration from his codefendant or proof of the officers' corruption. Moreover, even assuming he had produced "new, reliable evidence of his innocence," he has simply failed to show that

"no reasonable juror would have convicted him," in light of that new evidence: his convictions stem from possession of drugs and drug paraphernalia, and he concedes that he was present in the home where the drugs and drug paraphernalia were found on the day the search warrant was executed. Reasonable jurors could have likely concluded based on nothing more than his presence in the home that the drugs belonged to him. Accordingly, because Amara's petition is untimely by more than four years and there is no basis to excuse or toll the limitations period, the court will dismiss the petition as untimely. Having reached this conclusion, the court does not consider whether dismissal of the third claim on the basis of procedural default is also appropriate.

## IV. Conclusion

The petition for writ of habeas corpus is dismissed with prejudice as untimely. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: August 3, 2026